IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES N. O'NEIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0372 |
| | ) |
| DONALD RUMSFELD, | ) |
| SECRETARY OF DEFENSE, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM and ORDER

Gary L. Lancaster,                                   July 21, 2006
District Judge.

This is an action in personal injury. Plaintiff, acting pro se, alleges that he has suffered physical injuries as a result of the "toxic stress associated with" his crusade to expose the illegality of the Department of the Navy's anthrax vaccination immunization program. Plaintiff also seeks to recover the expenses he has incurred in connection with, and lost wages allegedly caused by, that crusade. Finally, plaintiff seeks punitive damages against the federal government.

The government has filed a motion to dismiss asserting that plaintiff is collaterally estopped from relitigating the issues raised in his complaint. We agree, and grant the motion to dismiss.

While a member of the United States Marine Corps, plaintiff's son was subject to mandatory anthrax vaccinations. This is the third lawsuit that plaintiff has brought in this

court seeking to challenge the legality of the anthrax vaccine program and to recover monetary damages allegedly caused to him, and his family, by his son's forced participation in it.

In the first lawsuit Mr. O'Neil alleged that he, and his wife, suffered mental anguish as a result of their son having received anthrax inoculations. We dismissed that suit on the grounds of governmental immunity. <u>O'Neil v. President of the United States</u>, 01-0426 (W.D. Pa. Jul. 13, 2001). In the second lawsuit Mr. and Mrs. O'Neil sought a declaratory judgment regarding the legality of the immunization program. We dismissed that suit because plaintiffs, as civilians, did not have standing to challenge the propriety of a military program. <u>O'Neil and O'Neil v. George W. Bush, et al.</u>, 01-1489 (W.D. Pa. Apr. 5, 2002). The instant suit seeks an award of nearly $6 million in compensatory damages, and unspecified punitive damages, to compensate Mr. O'Neil for the stress, physical injuries, and expenses caused by his challenges to the legality of the vaccination program.

The instant suit is barred by the doctrine of <u>collateral estoppel</u>. To establish <u>collateral estoppel</u>/issue preclusion, defendant must demonstrate: "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the

prior judgment." Burlington N. R.R. v. Hyundai Merchant Marine Co., 63 F.3d 1227, 1232 (3d Cir. 1995). These requirements are met in this case.

There is no dispute that the first element is satisfied. According to plaintiff, his "specific complaint against the defendant is exactly the same as they were [sic] in three[1] prior Federal Civil Actions." Comp. at ¶ 2. The second and third elements are also easily satisfied. Issues related to the physical and financial harms allegedly suffered by plaintiff as a result of his son's mandatory vaccination were actually litigated by plaintiff and determined by a final judgment of the court in the first 2001 case. This court issued an opinion in that case applying the Feres immunity doctrine to plaintiff's claims for monetary relief. O'Neil v. President of the United States, 01-0426 (W.D. Pa. Jul. 13, 2001). There has been no change in the law or facts applicable to that doctrine, and it would again dictate the dismissal of this matter. As to the final element, a determination on the immunity issue was essential to the judgment in that it resulted in dismissal of the case.

In the alternative, plaintiff's claims would also be barred

---

[1] Presumably, plaintiff refers to a 1999 case brought by his son seeking a humanitarian discharge from the military. O'Neil v. Secretary of the Navy, 99-1850 (W.D. Pa.).

under res judicata. Three elements are required for res judicata, or claim preclusion, to take effect: (1) a final judgment on the merits must have been rendered in a prior suit; (2) the same parties or their privies are involved; and (3) the subsequent suit is based on the same cause of action as the original. Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). The first and third elements are met for the same reasons discussed above in the context of the collateral estoppel analysis. The second element is met because in both cases plaintiff brought a claim against the federal government. Therefore, plaintiff's cause of action would be precluded under res judicata as well.

    For the foregoing reasons, plaintiff's complaint shall be dismissed. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES N. O'NEIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0372 |
| | ) |
| DONALD RUMSFELD, | ) |
| SECRETARY OF DEFENSE, | ) |
| | ) |
| Defendant. | ) |

ORDER

AND NOW, this 21ST day of July, 2006, upon consideration of defendant's motion to dismiss [doc. no. 4], IT IS HEREBY ORDERED that the motion is GRANTED. The complaint is hereby dismissed with prejudice.

The Clerk of Courts is directed to mark this case closed.

BY THE COURT:

_____, J.

cc:   All Counsel of Record

        James N. O'Neil